UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF LEROY BRESSINGTON | No. MC 25-80312 WHA<br><br>**ORDER DENYING EX PARTE APPLICATION FOR INTERNATIONAL DISCOVERY ASSISTANCE UNDER SECTION 1782(a)** |

**INTRODUCTION**

An Australian pop star personally seeks an order under Section 1782(a) for leave to issue a subpoena to an American internet platform to produce documents and provide testimony that it might have that the pop star might use in a lawsuit that he might bring in Australia against people who might be stating false things about him on the Internet. For the reasons below, the request is denied.

**STATEMENT**

Applicant Leroy Bressington is lead guitarist of the Australian indie-pop duo Royel Otis and better known by his stage name, Royel Maddell (at 7).[1] The Royel Otis's song "Moody" proved to be a hit but also fodder, because of its song lyrics, for anonymous people on the

---

[1] Bare page citations are to the application (and, in that case, its ECF pagination) (Dkt. No. 1).

Internet allegedly falsely to label Bressington a sexual "predator" who had engaged in a nonconsensual sexual relationship with a minor while he was her music teacher. Some such anonymous statements report that he has been accused by a minor, charged by authorities, and dropped by a record label (at 7, 10, & Exh. A).

Reddit, Inc. owns and operates one Internet platform where such statements have been made by third parties, or trolls. Bressington has contacted Reddit to get information about these trolls. Reddit has refused (at 7). One example of the comments is this one, allegedly from a Reddit user named itheangel (at 12 (nits original)):

> Without trying to dox myself I. I was there during and after. He was in a relationship with a minor at the time. Her parents caught him having sex with her in their house. He jumped out of their window which is how he broke his legs. Blamed it on a taxi driver. The parents refused to press charges which is why there is no conviction/charges. It is a very very well known secret.

An online news site has since run stories detailing the Reddit remarks and related allegations (at 13); that news site is not at issue.

No litigation to stop these statements has been filed anywhere in the world. No administrative proceeding related to these statements has been filed anywhere in the world, either — at least not one disclosed by the application. So far as we know, Bressington never has put pen to paper to inform any government authority anywhere in the world about the matters that concern this application, until submitting it now.

Bressington, however, "contemplate[s]" filing claims for defamation in an Australian court if he can first discover from Reddit information to support that these Reddit users are based in Australia (at 7; *see* Kay Decl. ¶¶ 6, 8). He alleges that the statements are false, specifically in so far as he has never been accused of such conduct by a former partner, never been charged by an authority, and has never been dropped by a record label (at 8–9). Nowhere in his application does Bressington specifically deny that he engaged in a nonconsensual sexual relationship with a minor (*see also, e.g.*, Pusch Decl. ¶ 7 (not accused, not charged, not convicted); Kay Decl. ¶ 7 (no specificity as to the defamatory statements "underst[ood]" to be false)). Bressington's counsel states that if this application were approved counsel would be

2

"prepared to initiate" an action in Australia within a one-year limitations period, but not that counsel would do so (Kay Decl. ¶¶ 8, 12).[2]

As for why Bressington has not brought his action already (at 2), according to his barrister in Australia, "Bressington will not be able to establish the territorial and personal jurisdiction required to institute civil defamation proceedings in Australia against Reddit Users" until it can be "determine[d] . . . that the purported defendants reside in Australia" (Kay Decl. ¶¶ 8, 10). Nowhere does Bressington or any of his attorneys represent that pre-filing discovery assistance for purposes of determining jurisdictional facts is unavailable from Australian courts themselves. Indeed, Bressington further represents that he "is not aware of any restrictions on evidence gathering procedures in Australia that would prohibit him from obtaining the discovery," and "there is nothing to indicate that any Australian policy would weigh against the limited discovery currently being sought by Bressington" (at 21).

As for whether Bressington additionally or alternatively contemplates bringing an action in the United States, Bressington does not disclaim an intent or ability to do so. Bressington's lawyers have provided no arguments and no attestations that this application is unrelated to anticipated litigation in the United States (*e.g.*, at 14–15).

So, Bressington now files this *ex parte* application under Section 1782 seeking a court order to "obtain identifying information — specifically, IP addresses, cellular phone numbers, email[ ] addresses, and/or names — associated with these Reddit accounts that are publishing these [purportedly] false and harmful defamatory comments to support *contemplated* litigation in Australia" (at 7 (unsworn) (emphasis added)). Bressington states that he would be satisfied by any information needed to identify "even just one single user" (at 22). Bressington provides no reason why identifying a user is specifically necessary if what is needed is simply some foundation as to whether a user was or is located in a country. Reddit offers a four-page, *sua sponte* response (Dkt. No. 19).

---

[2] Although Bressington also alleges that the statements may be part of a coordinated campaign to disrupt his career by just one or a few individuals in Australia using fake or "burner" accounts and that the statements violate Reddit's own terms of service, his only stated plan is to bring claims for defamation (at 9–10).

3

After the applicant declined to proceed before the magistrate judge (Dkt. No. 9), the application was assigned to the undersigned district judge for decision in the first instance.

## ANALYSIS

The Supreme Court has held that an application for judicial assistance under Section 1782 is properly granted if (1) the statute's three requirements are met to authorize our assistance, and (2) the district court finds that discretionary factors weigh in favor of our assistance, with four such "factors that bear consideration" having been defined in *Intel Corp. v. AMD, Inc.*, 542 U.S. 241 (2004).

The Supreme Court's opinion in that case is instructive here. On those facts, in sum, the Supreme Court held that "[t]he statute authorizes, but does not require, a federal district court to provide assistance to a complainant in a European Commission proceeding that leads to a dispositive ruling, *i.e.*, a final administrative action both responsive to the complaint and reviewable in [a] court," which was a court where no further evidence-taking would be permitted. *Id.* at 255. Here, in sum, no complaint has been filed even in an administrative proceeding, much less in one that would lead to a decision reviewable in a court (much less one in which no further evidence-taking would be permitted). And, while language in *Intel* could support finding that the statute authorizes discovery in this instance, the logic of *Intel* makes clear that it would be wrong to authorize it in this instance.

1. **STATUTORY AUTHORIZATION.**

Section 1782(a) sets forth three requirements that if met authorize but do not require a court to order discovery (numbering and emphasis added):

> The district court of the district **[i]** in which a person *resides* or is found *may* order him to give his testimony or statement or to produce a document or other thing **[ii]** for *use in a proceeding* in a foreign or international *tribunal*, including criminal investigations conducted before formal accusation. The order may be made **[iii]** pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of *any interested person* and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. [The provision then continues to limit what discovery can be ordered and how.]

4

In *Intel*, the Supreme Court first considered these requirements. They were met. There, the microprocessor company AMD, Inc., had sought assistance from our district court to get discovery from Intel, Inc., headquartered in our district, for use in a government investigation already underway in Europe that would end either in a declination or else in an administrative decision on the merits, with both such decisions being ones reviewable by a court that would not take further evidence into account when conducting its review. 542 U.S. at 254–55; *see also AMD, Inc. v. Intel Corp.*, 292 F.3d 664, 665–66 (9th Cir. 2002).[3] Here, the factors are addressed one by one.

*First*, Bressington asserts that Reddit resides in this district because it is headquartered in San Francisco (at 2; *see* Pusch Decl. ¶ 11 & Exh. H). He is right. *See Intel*, 542 U.S. at 251 n.5.

*Next*, Bressington asserts that he is a person interested in the discovery because he would be the complainant in the foreign action for which it would be used, if commenced. There is no requirement that an application come via the United States Department of Justice on behalf of a foreign tribunal or a party to a proceeding in that tribunal. Instead, "[t]he text of [Section] 1782(a), 'upon the application of any interested person,' plainly reaches beyond th[at] universe." *See Intel*, 542 U.S. at 256. "Any interested person" includes "not only litigants before foreign or international tribunals, but also foreign and international officials as well as *any other person* whether he be designated by foreign law or international convention or *merely possess a reasonable interest in obtaining the assistance*." *Id.* at 257 (quotations and citation omitted). In *Intel*, the complainant in the foreign administrative investigation —

---

[3] Specifically, before its request to our court, AMD had submitted a complaint concerning its rival Intel to the European Union's Directorate-General for Competition, a component of the European Commission. This triggered a preliminary investigation by DG Comp. That investigation's immediate result would be a decision by DG Comp to pursue the complaint or not. A denial would be reviewable by a court of first instance, while a grant would result in further investigation by DG Comp, a recommendation on the complaint's merits by DG Comp to the full European Commission, and a decision by the European Commission on the complaint itself, this last decision itself reviewable by a court of first instance. As it turned out, evidence submitted during the investigatory process was the only evidence that could ever bear on the substantive decisions by the full European Commission and the courts. It was during DG Comp's investigatory phase that discovery assistance was sought here. *Intel*, 542 U.S. at 254–55; *see also* 292 F.3d at 665–66.

1  AMD — earlier had requested that the foreign investigators seek discovery in the United
2  States; the investigators rejected that request; so, AMD itself brought the request to our district.
3  That sufficed. Here, Bressington is an interested person.

4      *Finally,* Bressington asserts that this discovery is for use in a foreign tribunal because he
5  will use it to inform whether he will file the action in Australia. Bressington, however, has not
6  yet filed even a placeholder complaint against John Does in a foreign court, nor filed anything
7  in an administrative process that would end in an action reviewable by a court, nor filed
8  anything in any foreign proceeding whatsoever. But the Supreme Court has stated repeatedly
9  that the "outer bounds" of what suffices as being "for use in a foreign or international tribunal"
10 are not yet settled. *ZF Auto US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 628 & n.2 (2022)
11 (interpreting *Intel* and Section 1782(a)).

12     For one thing, there is no "requirement that a proceeding be 'judicial.'" *Intel*, 542 U.S. at
13 258. Instead, it merely must be a proceeding of a "sufficiently" "adjudicative body that
14 exercises governmental authority." *ZF Auto*, 596 U.S. at 628 & n.2 (further interpreting *Intel*
15 and Section 1782(a)). Here, the proposed foreign tribunal is a court in Australia. This would
16 suffice. That said, a foreign administrative agency able to decide jurisdictional facts to permit
17 filing in such a court would suffice, too, particularly if the body's decisions were
18 reviewable — a point this order revisits below.

19     For another, there is no "requirement that a proceeding be 'pending'" or "imminent" or
20 even "very likely to occur." *Intel*, 542 U.S. at 247, 253, 259 (quoting and rejecting rule of *In*
21 *re Ishihari Chemical Co.*, 251 F.3d 120, 125 (2d Cir. 2001)). Instead, "the 'proceeding' for
22 which discovery is sought under [Section] 1782(a) must be in reasonable contemplation." *Id.*
23 at 247. Notably, while *Intel* stated that it was rejecting the requirement that the foreign
24 proceeding be underway, it also suggested that the foreign proceeding *was* underway — for
25 instance stating that "the person from whom discovery was sought is a participant in the
26 foreign proceeding (as Intel is here)." *See id.* at 264. Our court of appeals has suggested that
27 whether a "stated intent to use the discovery sought in [a Section] 1782 application to 'initiate
28 a lawsuit [abroad]' satisfie[s] this standard" remains undecided. *See CPC Patent Techs. PTY*

6

*Ltd. v. Apple, Inc.*, 34 F.4th 801, 805 n.3 (9th Cir. 2022). In any event, here, Bressington is at least threatening to file a defamation action in Australia. And, according to his barrister, he must file one within a year of the most recent statements if he is to do so. Thus, the discovery requested is for use in a foreign proceeding at least "in reasonable contemplation." That said, it is not clear from the application whether Bressington ultimately would follow through on this threat. As only one indication among others, Bressington has not specifically rejected as false one of the most basic assertions alleged: that when not a minor he had sex with a minor.

Again, open questions linger, but while nothing now squarely limits the statutory authority to assist, much already informs the exercise of that authority in accord with sound discretion.

### 2. DISTRICT COURT DISCRETION.

"[A] district court is not required to grant a [Section] 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. The Supreme Court has provided several considerations that bear on an application under Section 1782(a). *See id.* at 264–65. Here, even assuming the district court is authorized to grant assistance, discretion here counsels in favor of denial.

*First*, a court should consider whether there is any gap in the foreign court's power in need of filling in the first place. *Id.* at 264. For instance, "when the person from whom discovery is sought is [or would be] a participant in the foreign proceeding (as *Intel* [was]), the need for [Section] 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" because in the latter case the foreign court might be able to order the production itself. *Id.* at 264 (emphasis added). Here, Reddit is not (yet) a participant in any foreign proceeding. However, Bressington does not demonstrate that Reddit never would become a respondent in that proceeding. Nor, to repeat, have Bressington and his barristers specifically demonstrated that pre-litigation discovery is unavailable by way of any government body in Australia. Bressington bears the burden in this *ex parte* application for assistance. This factor points against him.

*Second*, a court should consider whether there is a good reason why any identified gap was left unfilled and thus should *not* be filled, in comity with the foreign court (and government). *Id.* at 264.  A court "presented with a [Section] 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Id.* at 264.  Here, we know little about the nature of the foreign tribunal, the exact gaps that even exist, and why they were left in place by the foreign tribunal and/or policy makers.  Bressington wants it both ways:  He implies that he is in a bind to bring this application directly to the United States District Court before he can bring anything in Australia's courts, but he also represents that he "is not aware of any restrictions on evidence gathering procedures in Australia that would prohibit him from obtaining the discovery," and that "there is nothing to indicate that any Australian policy would weigh against the limited discovery currently being sought by Bressington" (at 21).  The latter statements would seem to contradict the premise of the application altogether.  Bressington does not make sufficiently specific attestations to explain away these apparent contradictions.  He bears the burden.  This factor points against him.

*Finally*, striking at the target's burden, "unduly intrusive or burdensome requests may be rejected or trimmed." *Id.* at 265.  In this country, it would be unusual to request a court's assistance to obtain discovery in advance of litigation.  Furthermore, while Bressington's requested discovery purports to be narrowly tailored, Bressington has not explained why far less discovery would not be more than enough.  We are not told, for instance, why an Australian court would not accept as a basis for asserting its jurisdiction over a Doe defendant an interrogatory response from Reddit attesting — for each Doe, "Yes" or "No" — whether Reddit has reason to believe *either* that the Doe posted any of the identified comments while in Australia or *else* that the Doe currently resides in or regularly conducts business in Australia. This factor points against Bressington.

It is unnecessary to reach whether the request intends to or inevitably would cause a violation of law in either country, *id.* at 264–65, such as by seeking to obtain information

8

protected by the Stored Communications Act (Dkt. No. 19). *See Suzlon Energy Ltd. v. Microsoft Corp.*, 671 F.3d 726, 731 (9th Cir. 2011). The request is already so lacking in other respects it would be wrong to authorize.

*     *     *

In sum, Bressington's requested assistance for discovery from Reddit of its users' "IP addresses, cellular phone numbers, email[ ] addresses, and/or names [ ] associated with the[ ] Reddit accounts that are publishing these [purportedly] false and harmful defamatory comments to support contemplated litigation" (at 7 (unsworn)) perhaps in Australia but for all we know in the United States instead or also is overreaching and would be overburdensome.

## CONCLUSIONS

For all the reasons above the district court exercises its discretion and the application is **DENIED**.

The Clerk shall **CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: December 24, 2025.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE